IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JONATHAN EARL STAMPLEY                                                          PLAINTIFF

VS.                                                    CIVIL ACTION NO.  3:21-cv-733-TSL-FKB

KILOLO KIJAKAZI,
COMMISSIONER OF SOCIAL
SECURITY                                                                       DEFENDANT

## REPORT AND RECOMMENDATION

### I.  Introduction

Jonathan Earl Stampley filed an application for supplemental security income ("SSI")

with the Social Security Administration ("SSA") on September 19, 2019, alleging an onset date

of the September 3, 2019.  [11-5] at 12.  After his application was denied initially and upon

reconsideration, he requested and was granted a hearing, which was held telephonically on

March 11, 2021 before an administrative law judge ("ALJ").  [11-2] at 29-59.  On March 22,

2021, the ALJ issued a decision finding that Mays was not disabled, *id.* at 12-23, and the

Appeals Council subsequently denied review.  *Id.* at 2-4.  Plaintiff is represented by counsel and

has brought this appeal pursuant to 42 U.S.C. § 1383(c).  [1] at 1.

The parties have filed their briefs, and this matter is ripe for review.  *See* [12], [13].

Having considered the memoranda of the parties and the administrative record, the undersigned

recommends that the Commissioner's decision be affirmed.

## II.  Facts and Evidence

Stampley was born on December 16, 1974 and was 46 years old at the time of the ALJ's

decision.  [11-2] at 37.  In his September 2019 application, he alleged that he is disabled due to

diabetes type 2, depression/anxiety, neuropathy, restless leg, back and neck pain, nerve pain,

sleep apnea, acid reflux, high cholesterol, and blindness in his left eye.  [11-6] at 6.  He reported

that he is five feet, eleven inches tall, and weighs 183 pounds.  *Id.*  At his hearing conducted by

telephone, he stated that he attained a GED.  [11-2] at 38.  His past work was as an auto

mechanic, auto body technician, and forklift driver.  *Id.* at 41.  He testified that he stopped

working in 2015 when he hurt his back.  *Id.* at 38.

## III.  The Decision of the ALJ

In evaluating Plaintiff's claim, the ALJ worked through the familiar sequential evaluation

process for determining disability.[1]  The ALJ found that Stampley has not engaged in substantial

gainful activity since September 3, 2019.  *Id.* at 14.  The ALJ found that Stampley has the severe

---

[1] In evaluating a disability claim, the ALJ is to engage in a five-step sequential process, making the following determinations:

      (1)     whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);

      (2)     whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);

      (3)     whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);

      (4)     whether the impairment prevents the claimant from doing past relevant work (if not, the claimant is found to be not disabled); and

      (5)     whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. § 416.920.  The analysis ends at the point at which a finding of disability or non-disability is required. The burden to prove disability rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining her burden through step four, the burden then shifts to the Commissioner at step five.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

impairments of diabetes with peripheral neuropathy, obstructive sleep apnea, degenerative disc disease, status-post right knee arthroscopy, depression, and generalized anxiety disorder. *Id.*

At step three, the ALJ concluded that Stampley does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 15. The ALJ examined Listings 12.04 and 12.06 regarding the severity of any mental impairments. *Id.* The ALJ concluded that Stampley has moderate limitation in two of four of the broad areas of functioning, and mild limitation in the remaining two areas. *Id.* The ALJ found that Stampley has moderate limitation in the area of understanding, remembering, or applying information, as well as the area of interacting with others. *Id.* On the other hand, the ALJ determined that Stampley mild limitation in the area of concentrating, persisting, or maintaining pace, and the area of adapting and managing oneself. *Id.* at 15-16. The ALJ concluded that Stampley does not meet the criteria of either paragraph "B" or "C." *Id.* at 16.

After considering the record, the ALJ determined that Stampley has the residual functional capacity ("RFC") to perform light work with certain exceptions. *Id.* The ALJ found that Stampley can "occasionally climb ramps or stairs; he can occasionally climb ladders, ropes, or scaffolds; he can occasionally kneel, crouch, and crawl; and he can frequently balance and stoop." *Id.* The ALJ concluded that Stampley is "limited to jobs that only require frequent rotation, flexion, or extension of the neck." *Id.* As for Stampley's capacity to follow instructions and interact with coworkers, the ALJ stated that Stampley "has the ability to understand, remember, and carry out instructions to perform simple, routine tasks; and he can respond

appropriately to others and work situations where there is frequent interaction with supervisors, coworkers, and the general public. *Id.*

To reach a conclusion about RFC, the ALJ reviewed, *inter alia,* Plaintiff's testimony, his medical and psychiatric treatment records, state agency medical opinions, and a consultative mental status evaluation report. *Id.* at 16-21. The ALJ also consulted with a Vocational Expert ("VE"). *Id.* at 51-55. Considering this evidence, the ALJ concluded that Stampley is unable to perform any past relevant work as a forklift driver, automobile body mechanic, and automobile mechanic. *Id.* at 21.

When he filed his application in September 2019, Stampley was forty-four years old, which is defined as "a younger individual." *Id*. at 22. The ALJ observed that Stampley has at least a high school education and that transferability of job skills is not an issue. *Id.* Accounting for Plaintiff's age, education, work experience, and RFC with its limitations, and using the Medical-Vocational Guidelines as a framework for decision-making, the VE identified three light, unskilled jobs that Stampley could perform: (1) cafeteria attendant, (2) cleaner, and (3) small products assembler. *Id.* at 22-23. Thus, the ALJ concluded that Plaintiff was not under a "disability" from September 3, 2019 through the date of the decision, March 22, 2021. *Id.* at 23.

### IV. Standard of Review

This Court's review is limited to an inquiry into whether there is substantial evidence to support the Commissioner's findings, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971), and whether the correct legal standards were applied, 42 U.S.C. § 405(g) (2006). *Accord Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). The Fifth Circuit has defined the "substantial evidence" standard as follows:

> Substantial evidence means more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established, but "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."

*Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). In applying the substantial evidence standard, the Court must carefully examine the entire record, but must refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). Hence, if the Commissioner's decision is supported by the evidence, and the proper legal standards were applied, the decision is conclusive and must be upheld by this Court. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), *overruled on other grounds, Sims v. Apfel,* 530 U.S. 103 (2000).

## V. Discussion

Plaintiff argues that the ALJ's decision should be reversed because the ALJ failed to properly consider the factors of "supportability" and "consistency" as they relate to the psychological opinions provided by his medical sources. [12] at 3-6. Specifically, he points to the psychological opinion presented by his general practitioner, Dr. Nahid Islam, and the opinion of a non-examining Disability Determination Services ("DDS") psychologist, Vicki Prosser, Ph.D. *Id.* at 4-5.

As stated above, the court must refrain from re-weighing the evidence. "[T]he task of weighing the evidence is the province of the ALJ. [The court's] job is merely to determine if there is substantial evidence in the record as a whole which supports the ALJ's decision."

*Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).  The Court must also review

whether the decision comports with relevant legal standards.  *Villa v. Sullivan*, 895 F.2d 1019,

1021 (5th Cir. 1990).

A brief overview of recent changes in regulations will aid in the consideration of this

case.  In 2017, the Social Security Administration revised its regulations on the evaluation of

medical evidence.  The revised regulations are applicable to claims filed on or after March 27,

2017.  *See* 20 C.F.R §§ 404.1520c, 416.920c.  Plaintiff filed his claims after that date, therefore

the revised regulations apply.

Under the revised regulations, an ALJ need "not defer or give any specific evidentiary

weight, including controlling weight, to any medical opinions," including those from treating

medical sources.  *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, an ALJ must evaluate

the "persuasiveness" of medical opinions by utilizing five factors: supportability, consistency,

relationship with the claimant, specialization, and other factors.  *See* 20 C.F.R. §§ 404.1520c(c),

416.920c(c).  Other factors include, but are not limited to, "evidence showing a medical source

has familiarity with the other evidence in the claim or an understanding of our disability

programs, policies and evidentiary requirements."  *See* 20 C.F.R. §§ 404.1520c(c)(5),

416.920c(c)(5).  Of these factors, the most important are supportability and consistency.  *See* 20

C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  An ALJ is required to explain how he considered

the supportability and consistency factors, but need not explain how he considered the other

factors in determining the persuasiveness of the medical opinion.  *Id.*; *see also Pope v.

Commissioner*, No. 2:21-cv-55-TBM-MTP, 2021 WL 6618646 (S.D. Miss. Oct. 15, 2021),

*adopted*, 2021 WL 6134353 (S.D. Miss. Dec. 29, 2021).  Even so, reviewing courts "will now

look first and foremost simply to whether substantial evidence exists to support an ALJ's opinion and not whether one opinion was correctly weighted in relation to any other(s)." *Webster v. Commissioner*, No. 3:19-cv-97-DAS, 2020 WL 760395, *3 (N.D. Miss. Feb. 14, 2020), *aff'd*, 19 F.4th 715 (5th Cir. 2021).

With regard to general practitioner Dr. Islam, the ALJ reviewed the records and observed that the doctor rendered an opinion on Stampley's physical conditions, as well as his mental abilities to perform work-related activities. [11-2] at 20-21. The ALJ determined that Dr. Islam's opinion was "not persuasive" as to mental abilities because the opinion was "beyond the scope of his specialty as a general practitioner." *Id.* Plaintiff argues that this is not a valid reason for rejecting the opinion. *Id.* at 5.

Dr. Prosser, the DDS psychologist, found that Plaintiff could interact appropriately on a "limited basis" with coworkers and supervisors. [11-3] at 37. However, the ALJ found that Plaintiff could have "frequent interaction with supervisors, coworkers, and the general public." [11-2] at 21. Without elaboration, Plaintiff argues that the ALJ created "great prejudice" to Plaintiff because she did not appropriately consider Dr. Prosser's opinion for a more restrictive RFC, consistent with § 404.1520(c). [12] at 5.

A review of the ALJ's discussion of Dr. Islam's and Dr. Prosser's opinions regarding mental abilities demonstrates that it is adequate to provide a basis for meaningful judicial review. *See Cooley v. Comm'r of Soc. Sec.*, No. 2:20-cv-46-RPM, 2021 WL 4221620, at *6 (S.D. Miss. Sept. 15, 2021)(finding that the "measuring stick" for an adequate discussion is whether findings are supported by substantial evidence and does not require speculation about the reasons behind the ALJ's persuasiveness findings). While the ALJ did not specifically invoke the terms of

7

"supportability" and "consistency" in finding these opinions "not persuasive," the Court finds that she addressed these factors.

The ALJ examined Stampley's treatment records, the consultative examinations, and reports of state agency disability reviewers to determine whether Dr. Islam's and Dr. Prosser's opinions were supported by and consistent with the record. *See Webster*, 2020 WL 760395, at *5. While the ALJ's discussion of both opinions was brief, she noted evidence-based reasons for her conclusions. She pointed out contrary psychological observations in the record made by treating physicians and an examining psychological consultant, lack of psychological treatment, and lack of psychiatric hospitalization. [11-2] at 18-21. Furthermore, Dr. Prosser found Plaintiff not disabled. [11-3] at 39. Because the Court's review of the record demonstrates that substantial evidence supports the ALJ's decision on the factors of "supportability" and "consistency," this argument fails to provide a basis to overturn the decision.

In sum, "the evidence presents conflicting testimony and reports that must be evaluated by their credibility. The Secretary, not the courts, has the duty to weigh the evidence, resolve material conflicts in the evidence, and decide the case." *Chaparro v. Bowen*, 815 F.2d 1008, 1010 -1011 (5th Cir. 1987). As in *Chaparro,* the Court finds "nothing to criticize in how the Secretary weighed the evidence and determined the case." *Id.* at 1011. Accordingly, the ALJ's decision is supported by substantial evidence, and no reversible error on this issue exists.

### VI.  Conclusion

For the reasons stated above, the undersigned hereby recommends that the decision of the Commissioner be affirmed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 27th day of July, 2023.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).